UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS G. MOODY,
Plaintiff

Case No. 1:09-cv-332
Dlott, J.
Black, M.J.

vs

ROGER WEAKS, et al.,
Defendants

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.; see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n,* 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.,* 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff, who is proceeding pro se, brings this action against various SOCF officials.

Plaintiff alleges that on November 10, 2008, the SOCF cashier began to improperly deduct funds from his inmate account in the name of "federal court" costs based on a case allegedly initiated by plaintiff in July 2007. Plaintiff states he never initiated an action in federal court during that time. He states his subsequent prison grievances and appeals on the issue revealed that the funds were being deducted to cover state, not federal, court costs. Plaintiff alleges that under State prison rules, an inmate is permitted to retain $15.00 per month in his account for "state pay" after court costs, fines and restitution are deducted. However, his account is being deducted $5.00 each month for court costs leaving him only $10.00 per month for commissary and other items. Plaintiff alleges he "is experiencing retaliation for the civil suit against this facility, that was filed with this court November 12, 2008." (Complaint, Section 4). Plaintiff alleges the warden, deputy warden, and institutional inspector failed to take corrective action when notified of the cashier's action. Plaintiff seeks declaratory, injunctive and monetary relief.

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. To the extent plaintiff alleges he was deprived of his prison funds without due process of law, his allegations fail to state a due process claim against the SOCF defendants. A withdrawal of funds from an inmate's prison account to satisfy court costs and fees does not violate an inmate's constitutional rights. The inmate is not absolutely "deprived" of his funds when they are use to pay court costs and fees because the funds are being used for the inmate's benefit. *See Gallagher v. Lane*, No. 03-3363, 75 Fed. Appx. 440, 441-442 (6th Cir. Sept. 16, 2003); *Erdman v. Martin*, No. 02-1302, 52 Fed. Appx. 801, 803-04 (6th Cir. Dec. 12, 2002). Moreover, even if plaintiff's allegations could constitute a due process claim for the unauthorized, intentional

3

deprivation of his property, the complaint fails to state a claim for relief because plaintiff fails to allege that his state post-deprivation remedies are inadequate. In order to assert a due process claim, plaintiff must first plead, and ultimately prove, the inadequacy of state remedies for redressing the wrong. *See Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983), *cert. denied*, 469 U.S. 834 (1984). *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams*, 474 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

In this case, plaintiff has not alleged any facts showing the inadequacy of his remedies under Ohio law. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Nor does plaintiff's complaint state a claim for relief under the Eighth Amendment. The withdrawal of funds from plaintiff's inmate account does not constitute cruel and unusual

4

punishment because it has not resulted in the deprivation of any basic human needs. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). *See also Erdman*, 52 Fed. Appx. at 803-04.

Finally, plaintiff's complaint fails to state a claim for relief for retaliation. To establish a claim for retaliation, the plaintiff must show: (1) he engaged in protected conduct; (2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff must show that the exercise of the protected right was a substantial or motivating factor in the retaliatory conduct. *See Mt. Healthy City School Dist. Bd. of Education v. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

The funds in plaintiff's prison account were not withdrawn for retaliatory purposes, but rather to pay for plaintiff's court debts. In addition, plaintiff alleges the withdrawals began two days before he even filed his federal lawsuit against SOCF officials. Therefore, the withdrawal of funds could not have been motivated by the filing of the lawsuit. Plaintiff alleges no other facts suggesting that the withdrawal of funds from his inmate account was done for retaliatory purposes.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on the ground that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

_/s/ Susan J. Dlott_
Susan J. Dlott, Chief Judge
United States District Court